**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-35472 |
| Plaintiff - Appellee, | D.C. Nos.  6:06-CV-06164-HO |
| | 6:03-CR-60082-HO |
| v. | |
| ISRAEL ARREOLA-CONTRERAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 11, 2010[**]
Portland, Oregon

Before: THOMPSON and McKEOWN, Circuit Judges, and TIMLIN, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

Defendant Arreola-Contreras, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel during plea bargaining. The defendant contends that his counsel was ineffective by erroneously advising him that he would be sentenced up to 365 months as a "career offender" under the United States Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255, and we affirm.

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *see Strickland v. Washington*, 466 U.S. 668, 687-95 (1984). First, a defendant must show that, in light of all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Second, the defendant must affirmatively prove prejudice. *Id.* at 693. Because the defendant has not made the first showing, we need not address the second. *Id.* at 700.

At the time the defendant entered his plea, it was reasonable for defense counsel to advise that the defendant's prior DUI-related assault conviction, when combined with his prior cocaine conviction, qualified him as a career offender with a potential 365-month sentence. The initial pre-sentencing report issued by the

United States Probation Office concluded as much and recommended a sentence of 292-365 months, as defense counsel predicted.

The defendant does not contend that his counsel's sentencing advice was erroneous at the time he plead guilty; he contends that the advice became inaccurate based on new Supreme Court precedent issued two months later. We reject this contention in light of the circumstances of this case. As the district court concluded, "failure of counsel to provide advice based on future precedent does not fall below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time.").

The defendant's contention that his counsel should have anticipated future precedent based on this court's decision in *United States v. Trinidad-Aquino*, 259 F.3d 1140 (9th Cir. 2001) lacks merit. *Trinidad* reiterated that "recklessness is a sufficient mens rea for a 'crime of violence,'" 259 F.3d at 1146 (internal citation omitted), and the defendant's prior DUI conviction under Oregon law required recklessness. Or. Rev. Stat. § 163.165; *State v. Hill*, 298 Or. 270 (Or. 1984).

**AFFIRMED.**

3